**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

QIANG HE,

               Petitioner,

   v.

ERIC H. HOLDER, Jr., Attorney General,

               Respondent.

No. 12-73065

Agency No. A088-474-845

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 18, 2014[**]

Before:    LEAVY, FISHER, and N.R. SMITH, Circuit Judges.

Qiang He, a native and citizen of China, petitions for review of the Board of

Immigration Appeals' ("BIA") order dismissing his appeal from an immigration

judge's decision denying his application for asylum, withholding of removal, and

relief under the Convention Against Torture ("CAT").  We have jurisdiction under

---

     [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

     [**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

8 U.S.C. § 1252. We review de novo conclusions of law and for substantial evidence factual findings, *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009), and we deny the petition for review.

Substantial evidence supports the agency's adverse credibility determination regarding allegations of past harm based on the finding that petitioner omitted from his original asylum application the most severe aspect of his claimed persecution in China, and that his explanation for the omission was implausible in light of his subsequent actions. *See Zamanov v. Holder*, 649 F.3d 969, 973-74 (9th Cir. 2011). In the absence of credible testimony, petitioner's asylum and withholding of removal claims based on his alleged past persecution fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Additionally, petitioner has otherwise failed to establish a basis for asylum or withholding of removal. Contrary to petitioner's contention, the BIA correctly concluded that petitioner had conceded that his newfound Jehovah's Witness faith did not support a well-founded fear of persecution in China. Furthermore, the record does not compel the conclusion that there is a pattern or practice of persecution of underground Christians in China. *See Wakkary*, 558 F.3d at 1060-62.

Finally, with respect to CAT relief, petitioner does not challenge the agency's conclusion that there is no evidence of past torture. Furthermore, substantial evidence supports the finding that even if petitioner had credibly testified, he failed to show that it is more likely than not that he would be tortured if returned to China. *See id*. at 1067-68.

**PETITION FOR REVIEW DENIED.**